```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS
                   HOUSTON DIVISION
```

| | |
|---|---|
| MAURICE MITCHELL, § | |
| TDCJ #648121, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. H-15-2467 |
| WILLIAM STEPHENS, Director, § | |
| Texas Department of Criminal § | |
| Justice - Correctional § | |
| Institutions Division, § | |
| § | |
| Respondent. § | |

### MEMORANDUM OPINION AND ORDER

The petitioner, Maurice Mitchell (TDCJ #648121), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Mitchell has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody under 28 U.S.C. § 2254 ("Petition") to challenge twelve prison disciplinary convictions that resulted in the loss of privileges and good-time credits. (Docket Entry No. 1) He has also filed an Assignment of the Case, "Severance" of the Civil Action and Habeas Corpus Action ("Motion for Severance") asking that this case be assigned to another district court judge and that his claims be "severed" from a civil rights action filed by him previously in this district. (Docket Entry No. 3) He has also filed an Application to Proceed In Forma Pauperis. (Docket Entry No. 4) After reviewing all of the pleadings and the applicable law under

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Mitchell discloses that he is currently incarcerated as the result of a 1999 conviction for possession of a deadly weapon in a penal institution in state court cause number 98-F-331-292.[1] A jury found Mitchell guilty in that case; and the 202nd Criminal District Court for Bowie County, Texas, sentenced him to 70 years' imprisonment.[2] Court records confirm that this conviction was affirmed on direct appeal in an unpublished opinion. See Mitchell v. State, No. 06-00-00055-CR, 2001 WL 1338058 (Tex. App. — Texarkana Nov. 1, 2001, pet. dism'd). Mitchell remains incarcerated at the Estelle Unit in Huntsville as the result of the conviction.

Mitchell does not challenge his underlying conviction. Instead, Mitchell challenges the following prison disciplinary proceedings lodged against him at the Estelle Unit: (1) Case No. 20130084278 (possession of contraband); (2) Case No. 20140192991 (possession of contraband); (3) Case No. 20150027471 (sexual misconduct); (4) Case No. 20150007887 (assault on an officer); (5) Case No. 20130208260 (sexual misconduct); (6) Case No. 20140218494 (creating a disturbance - failure to obey orders);

---

[1] Petition, Docket Entry No. 1, p. 2.

[2] Id. at 2-3.

(7) Case No. 20150045598 (possession of contraband); (8) Case No. 20150055171 (fighting without a weapon); (9) Case No. 20120221696 (undisclosed offense); (10) Case No. 20120234800 (sexual misconduct); (11) Case No. 20150161265 (sexual misconduct); and (12) Case No. 20150208962 (sexual misconduct).[3] As a result of these disciplinary convictions, Mitchell was temporarily restricted to his cell and his commissary privileges were curtailed for a short time.[4] The convictions affected Mitchell's classification status, ensuring that he remained at line class 3.[5] Mitchell also forfeited previously earned good-time credits in at least four of the above-referenced cases (Case Nos. 20130084278, 20130208260, 20150045598, and 20150208962).[6]

In the pending Petition Mitchell contends that he is entitled to habeas corpus relief from these disciplinary convictions because he was denied his right to due process. In particular, Mitchell contends that the charges against him were "false" and were lodged against him in retaliation for exercising his right to file grievances.[7] Mitchell also contends that prison officials violated

---

[3] Id. at 7.

[4] Id. at 8.

[5] Id.

[6] Id.

[7] Id. at 11-21. Mitchell appears to have raised similar claims in a prisoner civil rights action filed previously in this district. See Mitchell v. Harrison, et al., Civil Action No. H-13-1683 (S.D. Tex.). Noting that Civil Action No. H-13-1683 remains pending,
(continued...)

their own written rules, regulations, and policies by affirming the false convictions and that, to the extent that three of the convictions were overturned, officials failed to restore his class status or his previously earned good-time credits.[8] Mitchell asks that his class status and good-time credits be restored and that all of his disciplinary convictions be expunged from the records.[9] For reasons explained below, the court finds that Mitchell fails to state an actionable claim under the legal standard that governs disciplinary proceedings in the prison context.

## II. Prison Disciplinary Proceedings

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Wolff v. McDonnell, 94 S. Ct. 2963, 2974-75 (1974). Prisoners charged with institutional rules

---

[7](...continued)
Mitchell appears to ask that his claims for habeas corpus relief be "severed" from his prisoner civil rights claims. See Motion for Severance, Docket Entry No. 3, p. 1. Because Mitchell's Petition fails to state a claim upon which habeas corpus relief may be granted, his Motion for Severance will be denied.

[8]Petition, Docket Entry No. 1, p. 21. According to Mitchell, the convictions in Case Nos. 20130084278, 20140192991, 20150027471, and 20150007887 were overturned on administrative review. Id. at 9-10.

[9]Id. at 21. Mitchell also seeks an award of monetary damages. Compensatory or monetary damages, however, are not available by way of a habeas corpus petition. See Wilkinson v. Dotson, 125 S. Ct. 1242, 1253 (2005) (citing Muhammad v. Close, 124 S. Ct. 1303 (2004) (per curiam) (recognizing that damages are unavailable in habeas)). Therefore, Mitchell's request for monetary damages must be dismissed for failure to state a claim upon which relief may be granted.

violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. See Sandin v. Conner, 115 S. Ct. 2293, 2302 (1995). Liberty interests emanate from either the Due Process Clause itself or from state law. See Kentucky Dep't of Corrections v. Thompson, 109 S. Ct. 1904, 1908 (1989) (citation omitted). To the extent that the disciplinary conviction may affect the petitioner's eligibility for early release from prison, the Due Process Clause does not include a right to conditional release before the expiration of a valid sentence. See Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 99 S. Ct. 2100, 2104 (1979). Under these circumstances, the petitioner's claims depend on the existence of a constitutionally protected liberty interest created by state law.

The Supreme Court has decided that only those state-created substantive interests that "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. Sandin, 115 S. Ct. at 2302. See also Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995). In Texas only those inmates who are eligible for the form of parole known as mandatory supervision have a constitutional expectancy of early release. See Malchi v. Thaler, 211 F.3d 953, 956 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); see also Teague v. Quarterman, 482 F.3d 769 (5th Cir. 2007) (addressing the mandatory supervision scheme in

place before and after September 1, 1996). As a result, a Texas prisoner cannot demonstrate a constitutional violation in the prison disciplinary context without first satisfying the following criteria: (1) he must be eligible for early release on mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. See Malchi, 211 F.3d at 957-58 (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit).

Mitchell cannot demonstrate a constitutional violation in this instance. Although it appears that Mitchell lost good-time credit as the result of at least four of his disciplinary convictions, he is not eligible for mandatory supervision because of his prior conviction for possessing a deadly weapon in a penal institution.[10] Under Texas law, a prisoner who is serving a sentence for an offense in which there is an affirmative finding of a deadly weapon for purposes of Article 42.12 § 3g(a)(2) of the Texas Code of Criminal Procedure "may not" be released to mandatory supervision.

---

[10] Mitchell asserts in his Petition that he is eligible for mandatory supervision. (Docket Entry No. 1, p. 6) The court takes judicial notice of records submitted by the respondent in a previous habeas corpus case filed by Mitchell, which confirm that he is not eligible for mandatory supervision due to his conviction for possessing a deadly weapon in a penal institution in Bowie County cause number 98-F-331-202. See Mitchell v. Thaler, Civil Action No. 2:09-0213 (Docket Entry No. 10-2, pp. 2, 4).

See Tex. Gov't Code 508.149(a)(1). This is fatal to Mitchell's due process claims. See Malchi, 211 F.3d at 957-58.

Although the disciplinary convictions at issue also resulted in temporary cell restriction, a loss of privileges, and a reduction in classification status, the Fifth Circuit has recognized that sanctions such as these, which are "merely changes in the conditions of [an inmate's] confinement," do not implicate due process concerns. Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed on privileges are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. See id. Likewise, reductions in a prisoner's custodial classification and the potential impact on good-time credit earning ability are too attenuated to be protected by the Due Process Clause. See Malchi, 211 F.3d at 958; Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995); Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995). Under these circumstances, Mitchell cannot demonstrate a violation of the Due Process Clause, and his pending federal habeas corpus Petition will be denied.

### III. Certificate of Appealability

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253, which requires a certificate of appealability to issue before an appeal may

proceed. See Hallmark v. Johnson, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003) (citing 28 U.S.C. § 2253(c)(1)). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El, 123 S. Ct. at 1039. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. Maurice Mitchell's Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DENIED**.

2. A certificate of appealability is **DENIED**.

3. Mitchell's Assignment of the Case, "Severance" of the Civil Action and Habeas Corpus Action (motion for severance of this case from the civil rights action pending in Case No. H-13-1683) (Docket Entry No. 3) is **DENIED**.

4. Mitchell's Application to Proceed In Forma Pauperis (Docket Entry No. 4) is **GRANTED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 10th day of September, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE