United States District Court
Southern District of Texas

**ENTERED**

May 12, 2016

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MAURICE MITCHELL,<br>TDCJ #648121, | §<br>§<br>§ |
| Petitioner, | §<br>§ |
| v. | §<br>§ |
| LORIE DAVIS, Director,<br>Texas Department of Criminal<br>Justice - Correctional<br>Institutions Division, | §<br>§<br>§<br>§<br>§ |
| Respondent.[1] | §<br>§ |

CIVIL ACTION NO. H-15-2467

## MEMORANDUM OPINION AND ORDER

The petitioner, Maurice Mitchell (TDCJ #648121), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Mitchell has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody under 28 U.S.C. § 2254 ("Petition") to challenge twelve prison disciplinary convictions (Docket Entry No. 1). The respondent has filed a Motion for Summary Judgment with Brief in Support ("Respondent's MSJ") (Docket Entry No. 30). Mitchell has filed Petitioner's 'Timely' Response to Respondant's [sic] Motion for Summary Judgment With Brief in Support and Petitioner's Request

---

[1]Effective May 1, 2016, Lorie Davis has succeeded the previous respondent, William Stephens, as Director of the Texas Department of Criminal Justice - Correctional Institutions Division. Accordingly, Davis is automatically substituted as the respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

That Such Motion Should Be **'DENIED'** ("Petitioner's Response") (Docket Entry No. 36).  After reviewing all of the pleadings and the applicable law, the court will grant the Respondent's MSJ and will dismiss this action for the reasons explained below.

## I.  Background

Mitchell is currently incarcerated as the result of a 1993 criminal conviction from the 179th District Court of Harris County, Texas, in cause number 662120.[2]  Mitchell was convicted of possession of cocaine and sentenced to 25 years' imprisonment in that case.[3]  Mitchell is also incarcerated as the result of a 1999 conviction from the 202nd District Court of Bowie County, Texas, in cause number 98-F-331-202.[4]  Mitchell was convicted of possessing a deadly weapon in a penal institution and sentenced to 70 years' imprisonment in that case, to be served consecutively to the sentence that he received in cause number 662120.[5]

Mitchell does not challenge his underlying convictions. Instead, Mitchell challenges twelve disciplinary convictions that were entered against him at the Estelle Unit, where he is currently

---

[2]TDCJ Commitment Inquiry, Exhibit A to Respondent's MSJ, Docket Entry No. 30-2, p. 2.

[3]<u>Id.</u>

[4]<u>Id.</u>

[5]<u>Id.</u>

-2-

confined.[6]  Those disciplinary convictions are summarized briefly below in chronological order.

### 1.   Case No. 20120221696

On April 16, 2012, Mitchell received notice that he was being charged in Case No. 20120221696 with violating prison rules by attempting to establish an inappropriate relationship with a staff member.[7]  Mitchell was found guilty as charged following a hearing on April 18, 2012.[8]  As punishment, Mitchell lost commissary privileges and was restricted to his cell for 45 days.[9]  He also lost 15 days of good-time credit and was reduced in line class status from S4 to L1.[10]  Mitchell filed grievances to challenge the conviction, but his appeals were unsuccessful.[11]

### 2.   Case No. 20120234800

On April 30, 2012, Mitchell received notice that he was being charged with violating prison rules in Case No. 20120234800 by masturbating in public.[12]  Mitchell was found guilty as charged

---

[6]Petition, Docket Entry No. 1, p. 1.

[7]TDCJ Disciplinary Report and Hearing Record, Docket Entry No. 18-2, p. 3.

[8]<u>Id.</u>

[9]<u>Id.</u>

[10]<u>Id.</u>

[11]Step 1 and 2 Grievances #2012152232, Docket Entry No. 18-1, pp. 3-6.

[12]TDCJ Disciplinary Report and Hearing Record, Docket Entry No. 19-2, p. 3.

-3-

following a hearing on May 1, 2012.[13]  As a result, Mitchell lost commissary privileges and was restricted to his cell for 45 days.[14] He was also reduced in line class status from L1 to L2.[15]  Mitchell filed grievances to challenge the proceeding, but his conviction was upheld.[16]

### 3.   Case No. 20130084278

On November 27, 2012, Mitchell received notice that he was being charged in Case No. 20130084278 with violating prison rules by possessing a weapon.[17]  Mitchell was found guilty as charged following a hearing on November 28, 2012.[18]  As a result, Mitchell lost commissary privileges for 45 days and was restricted to his cell for 30 days.[19]  He also lost 200 days of good-time credit and was reduced in line class status from L2 to L3.[20]  Mitchell filed grievances to challenge the conviction and, ultimately, the conviction was overturned.[21]

---

[13]Id.

[14]Id.

[15]Id.

[16]Step 1 and 2 Grievances #2012160893, Docket Entry No. 19-1, pp. 3-6.

[17]TDCJ Disciplinary Report and Hearing Record, Docket Entry No. 20-2, p. 3.

[18]Id.

[19]Id.

[20]Id.

[21]Step 2 Grievance #2013062796, Docket Entry No. 20-1, p. 6.

## 4.   Case No. 20130208260

On April 1, 2013, Mitchell received notice that he was being charged in Case No. 20130208260 with violating prison rules by masturbating in public.[22]  Mitchell was found guilty as charged following a hearing on April 8, 2013.[23]  As punishment, Mitchell lost commissary privileges for 45 days and was restricted to his cell for 30 days.[24]  He also lost 45 days of good-time credit and was ordered to remain at line class status L3.[25]  Mitchell's appeal from that conviction was rejected on administrative review.[26]

## 5.   Case No. 20140192991

On March 11, 2014, Mitchell received notice that he was being charged in Case No. 20140192991 with violating prison rules by possessing contraband.[27]  Mitchell was found guilty as charged following a hearing on March 14, 2014.[28]  As punishment, Mitchell

---

[22]TDCJ Disciplinary Report and Hearing Record, Docket Entry No. 21-2, p. 3.

[23]Id.

[24]Id.

[25]Id.

[26]Step 1 and 2 Grievances #2013132511, Docket Entry No. 21-1, pp. 3-6.

[27]TDCJ Disciplinary Report and Hearing Record, Docket Entry No. 22-2, p. 3.

[28]Id.

lost commissary privileges and was restricted to his cell for 45 days.[29]  He also lost 30 days of good-time credit and was reduced in line class status from L2 to L3.[30]  Mitchell filed grievances to challenge the conviction and, ultimately, his conviction was overturned.[31]

**6.    Case No. 20140218494**

On April 3, 2014, Mitchell received notice that he was being charged in Case No. 20140218494 with violating prison rules by creating a disturbance.[32]  Mitchell was found guilty as charged following a hearing on April 4, 2014.[33]  As a result, Mitchell lost commissary privileges for 37 days and was restricted to his cell for 45 days.[34]  He also lost 45 days of good-time credit and was ordered to remain at line class L3.[35]  Mitchell filed grievances to challenge the conviction, but his appeals were unsuccessful.[36]

---

[29]Id.

[30]Id.

[31]Step 2 Grievance #2014117902, Docket Entry No. 22-1, p. 6.

[32]TDCJ Disciplinary Report and Hearing Record, Docket Entry No. 23-2, p. 3.

[33]Id.

[34]Id.

[35]Id.

[36]Step 1 and 2 Grievances #2014130099, Docket Entry No. 23-1, pp. 3-4, 6-7.

**7.   Case No. 20150007887**

On September 8, 2014, Mitchell received notice that he was being charged in Case No. 20150007887 with violating prison rules by assaulting an officer.[37]   Mitchell was found guilty as charged following a hearing on September 10, 2014.[38]   As punishment, Mitchell lost commissary privileges and was restricted to his cell for 45 days.[39]   He also lost 320 days of good-time credit and was reduced in line class status from L2 to L3.[40]   Mitchell prevailed on appeal and his conviction was overturned.[41]

**8.   Case No. 20150027471**

In Case No. 20150027471 Mitchell was found guilty of violating prison rules by masturbating in public.[42]   The record contains no information about the punishment that was imposed because the conviction was overturned on appeal and deleted from TDCJ records on November 13, 2014.[43]

---

[37]TDCJ Disciplinary Report and Hearing Record, Docket Entry No. 22-2, p. 3.

[38]Id.

[39]Id.

[40]Id.

[41]Step 2 Grievance #2015013118, Docket Entry No. 24-1, p. 6.

[42]The Disciplinary Report and Record for this conviction is unavailable.  See Affidavit of Angela Jeter, Docket Entry No. 25-2, p. 2.  The conviction is referenced in Mitchell's Step 1 Grievance #2015023194, Docket Entry No. 25-1, p. 3.

[43]Affidavit of Angela Jeter, Docket Entry No. 25-2, p. 2.

**9.   Case No. 20150045598**

On October 13, 2014, Mitchell received notice that he was being charged in Case No. 20150045598 with violating prison rules by possessing contraband.[44]  Mitchell was found guilty as charged following a hearing on October 21, 2014.[45]  As a result, Mitchell lost commissary privileges and was restricted to his cell for 30 days.[46]  He also lost 365 days of good-time credit and was ordered to remain at line class L3.[47]   Mitchell filed grievances to challenge the conviction, but his appeals were unsuccessful.[48]

**10.   Case No. 20150055171**

On October 21, 2014, Mitchell received notice that he was being charged in Case No. 20150055171 with violating prison rules by fighting another offender without a weapon.[49]  Mitchell was found guilty as charged following a hearing on October 22, 2014.[50]  As punishment, Mitchell lost commissary privileges and was restricted

---

[44]TDCJ Disciplinary Report and Hearing Record, Docket Entry No. 26-2, p. 3.

[45]Id.

[46]Id.

[47]Id.

[48]Step 1 and 2 Grievances #2015031901, Docket Entry No. 26-1, pp. 3-4, 11-12.

[49]TDCJ Disciplinary Report and Hearing Record, Docket Entry No. 26-2, p. 3.

[50]Id.

to his cell for three days.[51]  He was also ordered to remain at line class L3.[52]  Mitchell appealed, but his conviction was upheld on administrative review.[53]

**11.  Case No. 20150161265**

On February 9, 2015, Mitchell received notice that he was being charged in Case No. 20150161265 with violating prison rules by masturbating in public.[54]  Mitchell was found guilty as charged following a hearing on October 22, 2014.[55]  As a result, Mitchell lost commissary privileges and was restricted to his cell for 45 days.[56]  He was also reduced in line class status from L2 to L3.[57] The conviction was upheld on appeal.[58]

**12.  Case No. 20150208962**

On March 27, 2015, Mitchell received notice that he was being charged in Case No. 20150208962 with violating prison rules by

---

[51]Id.

[52]Id.

[53]Step 1 and 2 Grievances #2015031917, Docket Entry No. 27-1, pp. 3-4, 9-10.

[54]TDCJ Disciplinary Report and Hearing Record, Docket Entry No. 28-2, p. 3.

[55]Id.

[56]Id.

[57]Id.

[58]Step 1 and 2 Grievances #2015096858, Docket Entry No. 28-1, pp. 3-6.

masturbating in public.[59]  Mitchell was found guilty as charged following a hearing on April 2, 2015.[60]  As punishment, Mitchell lost commissary privileges and was restricted to his cell for 45 days.[61]  He also lost 30 days of good-time credit and was ordered to remain at line class L3.[62]  Mitchell appealed, but the conviction was upheld on administrative review.[63]

## II.  <u>Petitioner's Claims</u>

In the pending Petition Mitchell contends that he is entitled to habeas corpus relief from the above-referenced disciplinary convictions because he was denied his right to due process.  In particular, Mitchell contends that all of the charges against him were "false" and were lodged against him in retaliation for exercising his right to file grievances.[64]  Mitchell also contends that prison officials violated their own written rules, regulations, and policies by affirming the false convictions.[65]  Mitchell asks that his class status and good-time credits be

---

[59]TDCJ Disciplinary Report and Hearing Record, Docket Entry No. 26-2, p. 3.

[60]<u>Id.</u>

[61]<u>Id.</u>

[62]<u>Id.</u>

[63]Step 1 and 2 Grievances #2015126687, Docket Entry No. 29-1, pp. 3-4, 7-8.

[64]Petition, Docket Entry No. 1, pp. 11-21.

[65]<u>Id.</u> at 21.

-10-

restored and that all of his disciplinary convictions be expunged from the records.[66]

## III.  **Respondent's Arguments**

The respondent moves for summary judgment on the grounds that Mitchell fails to establish an actionable claim.  In particular, the respondent argues that Mitchell cannot demonstrate a violation of the Due Process Clause and that all of his claims fail as a matter of law because he cannot establish that his punishment implicates a protected liberty interest.

## IV.  **Standard of Review**

The Respondent's MSJ is governed by Rule 56 of the Federal Rules of Civil Procedure.  Under this rule a reviewing court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).  A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law.  Anderson v. Liberty

---

[66]Id.  Mitchell has also asked for an award of monetary damages.  Id.  Compensatory or monetary damages, however, are not available by way of a habeas corpus petition.  See Wilkinson v. Dotson, 125 S. Ct. 1242, 1253 (2005) (citing Muhammad v. Close, 124 S. Ct. 1303 (2004) (per curiam) (recognizing that damages are unavailable in habeas)).  Acknowledging that damages are not available on habeas review, Mitchell has withdrawn his request for monetary damages.  See Petitioner's Response, Docket Entry No. 36, p. 8.

Lobby, Inc., 106 S. Ct. 2505, 2510 (1986).  An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party.  Id.

In deciding a summary judgment motion the reviewing court must "construe all facts and inferences in the light most favorable to the nonmoving party."  Dillon v. Rogers, 596 F.3d 260, 266 (5th Cir. 2010) (internal citation and quotation marks omitted). However, the non-movant cannot avoid summary judgment simply by presenting "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation."  Jones v. Lowndes County, Miss., 678 F.3d 344, 348 (5th Cir. 2012) (quoting TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002)); see also Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (a non-movant cannot demonstrate a genuine issue of material fact with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence).  If the movant demonstrates the absence of a genuine issue of material fact, the burden shifts to the non-movant to provide "specific facts showing the existence of a genuine issue for trial."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).

## V.   Prison Disciplinary Proceedings

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to

-12-

the United States Constitution.  <u>See</u> <u>Wolff v. McDonnell</u>, 94 S. Ct. 2963, 2974-75 (1974).   However, it is well established that prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest.  <u>See</u> <u>Sandin v. Conner</u>, 115 S. Ct. 2293, 2302 (1995).   Liberty interests emanate from either the Due Process Clause itself or from state law.   <u>See</u> <u>Kentucky Dep't of Corrections v. Thompson</u>, 109 S. Ct. 1904, 1908 (1989) (citation omitted).   To the extent that a disciplinary conviction may affect the petitioner's eligibility for early release from prison, the Due Process Clause does not include a right to conditional release before the expiration of a valid sentence.   <u>See</u> <u>Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex</u>, 99 S. Ct. 2100, 2104 (1979).   Therefore, the petitioner's claims depend on the existence of a constitutionally protected liberty interest created by state law.

The Supreme Court has decided that only those state-created substantive interests that "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause.  <u>Sandin</u>, 115 S. Ct. at 2302.  <u>See also</u> <u>Orellana v. Kyle</u>, 65 F.3d 29, 31-32 (5th Cir. 1995).  In Texas only those inmates who are eligible for the form of parole known as mandatory supervision have a constitutional expectancy of early

-13-

release.  See Malchi v. Thaler, 211 F.3d 953, 956 (5th Cir. 2000)
(addressing the mandatory supervision scheme in place prior to
September 1, 1996); see also Teague v. Quarterman, 482 F.3d 769
(5th Cir. 2007) (addressing the mandatory supervision scheme in
place before and after September 1, 1996).  As a result, a Texas
prisoner cannot demonstrate a constitutional violation in the
prison disciplinary context without first satisfying the following
criteria:  (1) he must be eligible for early release on mandatory
supervision; and (2) the disciplinary conviction at issue must have
resulted in a loss of previously earned good-time credit.  See
Malchi, 211 F.3d at 957-58 (explaining that only those Texas
inmates who are eligible for early release on mandatory supervision
have a protected liberty interest in their previously earned good-
time credit).

Mitchell cannot demonstrate a constitutional violation.
Although Mitchell lost good-time credit as the result of several of
his disciplinary convictions, records presented by the respondent
establish that he is not eligible for mandatory supervision because
of his prior conviction for possessing a deadly weapon in a penal
institution.[67]  See Malchi, 211 F.3d at 957-58; see also Arnold v.

---

[67]TDCJ Commitment Inquiry, Exhibit A to Respondent's MSJ,
Docket Entry No. 30-2, p. 2.  Although Mitchell is eligible for
mandatory supervision on his conviction for possession of cocaine,
it is undisputed that he has a consecutive 70-year sentence to
serve for possession of a deadly weapon in a penal institution for
which he is not eligible for mandatory supervision.  See id.  The
Texas Court of Criminal Appeals has held that an inmate such as
Mitchell, who is serving consecutive sentences, is not actually
(continued...)

<u>Cockrell</u>, 306 F.3d 277, 278 (5th Cir. 2002) (confirming that an inmate who is not eligible for mandatory supervision "does not have a constitutional claim for which relief can be granted").

Although the disciplinary convictions at issue also resulted in temporary cell restriction, a loss of privileges, and a reduction in classification status, the Fifth Circuit has recognized that sanctions such as these, which are "merely changes in the conditions of [an inmate's] confinement," do not implicate due process concerns.  <u>Madison v. Parker</u>, 104 F.3d 765, 768 (5th Cir. 1997).  Limitations imposed on privileges are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life.  <u>See id.</u>  Likewise, reductions in a prisoner's custodial classification and the potential impact on good-time credit earning ability are too attenuated to be protected by the Due Process Clause.  <u>See Malchi</u>, 211 F.3d at 958; <u>Luken v. Scott</u>, 71 F.3d 192, 193 (5th Cir. 1995); <u>Neals v. Norwood</u>, 59 F.3d 530, 533 (5th Cir. 1995).  Under these circumstances, Mitchell cannot demonstrate a violation of the Due Process Clause.  Because Mitchell's claims fail as a matter of law, the court will grant the respondent's motion for summary judgment and will deny the pending federal habeas corpus Petition.

---

[67](...continued) eligible for mandatory supervision "on any but the last of his consecutive sentences."  <u>Ex parte Ruthart</u>, 980 S.W.2d 469, 473 (Tex. Crim. App. 1998).  In other words, Mitchell's eligibility for mandatory supervision is based on the final sentence that he is serving — for possession of a deadly weapon in a penal institution.  As a result, Mitchell is not eligible for mandatory supervision.

## VI.  <u>Certificate of Appealability</u>

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.  A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Tennard v. Dretke</u>, 124 S. Ct. 2562, 2565 (2004) (quoting <u>Slack v. McDaniel</u>, 120 S. Ct. 1595, 1604 (2000)).  Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" <u>Miller-El v. Cockrell</u>, 123 S. Ct. 1029, 1039 (2003).  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, <u>sua sponte</u>, without requiring further briefing or argument.  <u>See</u>

-16-

<u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000).  After careful review of the pleadings and the applicable law, the court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong.  Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

### VII.  <u>Conclusion and Order</u>

Based on the foregoing, the court **ORDERS** as follows:

1.    The Respondent's Motion for Summary Judgment (Docket Entry No. 30) is **GRANTED**.

2.    Maurice Mitchell's Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DENIED**.

3.    A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 12th day of May, 2016.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE